DECISION
{¶ 1} Defendant-appellant, Reginald R. Brown ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas entered upon a jury verdict finding appellant guilty of the single count charged in the indictment, to wit, burglary, in violation of R.C. 2911.12, a second degree felony. After ordering a presentence investigation, appellant was sentenced to serve a five-year term of incarceration.
 {¶ 2} On appeal, and through counsel, appellant asserts the following two assignments of error:
ASSIGNMENT OF ERROR NO. ONE.
THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE PRESENTED ON BEHALF OF THE STATE WAS INSUFFICIENT TO SUSTAIN THIS FINDING BY PROOF BEYOND A REASONABLE DOUBT AND THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED.
ASSIGNMENT OF ERROR NO. TWO.
THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT ON A CONVICTION OF BURGLARY AS A FELONY OF THE SECOND DEGREE WHEN THE EVIDENCE PRESENTED ON BEHALF OF THE STATE WAS INSUFFICIENT TO SUSTAIN THE FINDING THAT ANOTHER PERSON WAS PRESENT OR LIKELY TO BE PRESENT IN THE STRUCTURE BY PROOF BEYOND A REASONABLE DOUBT AND THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED IN THIS REGARD.
 {¶ 3} Appellant has also filed his own pro se supplemental brief in which he asserts the following single assignment of error:
Ineffective Assistance of Appellant's counsel; a violation of the Sixth Amendment:
[1.] Appellant Counsel has failed to present constitutional merit within issue(s) raised for appeal consideration.
[2.] Appellant Counsel has failed to raise issue(s) of constitutional violation, denying Appellant effective assistance of appellant counsel; a Sixth Amendment violation.
(A) Ineffective Assistance of trial counsel, a violation of the Sixth Amendment.
 {¶ 4} Appellant was indicted for burglary on July 19, 2005. The indictment stems from an incident that occurred at the Munnerlyn residence on December 25, 2004. Albert Munnerlyn and his wife, Mary Louise, reside at 1483 Franklin Avenue. Mr. Munnerlyn testified that his home is equipped with an alarm system, and that his neighbor has keys to his house because he and his wife travel frequently. On December 25, 2004, the Munnerlyns were visiting relatives in New York. On this date, Seneca Foggie, the Munnerlyns' neighbor, testified that she received a phone call from the Munnerlyns' alarm company informing her that the Munnerlyns' alarm had gone off. The person from the alarm company asked if Ms. Foggie would check the perimeter of the house. Ms. Foggie told them that she would, but that she would not go into the house. The person from the alarm company then asked if they should send the police, and Ms. Foggie said yes. When she looked outside, Ms. Foggie noted footprints and bicycle prints in the Munnerlyns' yard and saw that the back door of their residence was busted open. Ms. Foggie then waited for the police to arrive. According to Ms. Foggie, the police arrived in approximately five to ten minutes.
 {¶ 5} Officers Householder and Kaufman responded to the call. According to the testimony of Officer Householder, it had just snowed and there was approximately six inches of snow on the ground. When he arrived at the scene, Officer Householder met Ms. Foggie who informed him that the Munnerlyns were out of town. Officer Householder saw one set of bicycle tracks and one set of footprints leading away from the house and into an alley heading south. The officers followed the footprints on foot down two houses towards the west, then south through the houses across the street into another alley, and down the street to approximately Bryden Road. While it appeared that a car had driven and broken the tracks, Officer Householder testified, "you could obviously tell [the tracks] went straight through it." (Tr. at 32.) The officers went back to their cruisers. Officer Kaufman remained at the residence, while Officer Householder again followed the tracks in the police cruiser, this time continuing to follow them through the alley to Main Street and "right to a gentleman riding a bicycle." Id. Officer Householder identified appellant as the person riding the bicycle. Officer Householder testified that when riding the bicycle, appellant was carrying a black duffle bag that contained a power drill. Officer Householder estimated that from the time they arrived at the scene until he saw appellant on the bicycle, was approximately 15 to 20 minutes. Mr. Munnerlyn identified both the power drill and the bicycle as being taken from his home.
 {¶ 6} In his first assignment of error, appellant argues that there was insufficient evidence to support his conviction, and that his conviction was against the manifest weight of the evidence. Specifically, appellant contends that although there is no doubt that he was in possession of stolen property, there is substantial doubt as to whether or not the prints in the snow led directly to appellant, and there is reasonable doubt as to whether or not appellant actually committed the burglary.
 {¶ 7} In determining the sufficiency of the evidence, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Whether the evidence is legally sufficient to sustain a verdict is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 8} Determinations of credibility and weight of the testimony remain within the province of the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. When assessing whether a conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and ultimately determine "`whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. Furthermore, "`the discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 9} Appellant's arguments regarding the sufficiency and the manifest weight of the evidence evolve from what he contends is missing from the record. Specifically, he argues that there was a 27-minute gap from the time that Officer Householder received the dispatch regarding the possible burglary to the time that appellant was arrested with the stolen property, and, therefore, the possibility of appellant having received the property from the actual perpetrator has not been ruled out. Appellant also points to the absence of a tool used to pry open the door, the lack of shoe print comparison to appellant's shoes, and appellant's failure to flee when approached by the police. All of this, appellant contends, constitutes reasonable doubt. However, while appellant speculates about what is absent from the record, our focus remains on what is present in the record. State v.Ishmail (1978), 54 Ohio St.2d 402 (holding that a reviewing court may only consider that which was considered by the trial court).
 {¶ 10} While this case turns on circumstantial evidence, the Supreme Court of Ohio has held that "[a] conviction can be sustained based on circumstantial evidence alone." State v.Franklin (1991), 62 Ohio St.3d 118, 124, citing State v.Nicely (1988), 39 Ohio St.3d 147, 154-155. In fact, circumstantial evidence may "`be more certain, satisfying and persuasive than direct evidence.'" State v. Ballew (1996),76 Ohio St.3d 244, 249, quoting State v. Lott (1990),51 Ohio St.3d 160, 167, quoting Michalic v. Cleveland Tankers, Inc.
(1960), 364 U.S. 325, 330, 81 S.Ct. 6, 11.
 {¶ 11} Further, it is well-established in Ohio that the unexplained possession of recently stolen property presents a permissive inference that the accused is guilty of theft or burglary. State v. Griggs (Sept. 18, 1990), Franklin App. No. 89AP-1417, citing Methard v. State (1869), 19 Ohio St. 363;State v. Coker (1984), 15 Ohio App.3d 97. Such an inference is particularly significant when, as here, the defendant offers no explanation for his possession of the stolen goods. See Id.;State v. McAllister (1977), 53 Ohio App.2d 176. This principle of law was recently reiterated in State v. Simon, Lucas App. No. H-04-026, 2005-Ohio-3208. In Simon, the defendant argued, as appellant does here, that his possession of stolen property allowed only for a hypothesis that he received stolen property from another person who actually broke into an establishment to steal the property. As the court in Simon stated:
Appellee correctly notes that appellant's argument relies upon a premise of law which is no longer controlling in Ohio. That is, prior to 1991, juries were instructed that when circumstantial evidence alone creates inferences establishing the elements of a crime, that evidence must not also engender any reasonable hypothesis of innocence. See State v. Kulig (1974),37 Ohio St.2d 157, 309 N.E.2d 897, overruled by State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph one of the syllabus. Appellant's argument that his possession of the quarters allows for a hypothesis that he merely received stolen property from another person, who actually broke into Kenilee Lanes to steal the quarters, carries little to no weight. The trier of fact, applying the Jenks rule, supra, may reasonably conclude thatinferences drawn from the evidence more strongly support a finding of guilt rather than innocence; the trier of fact is no longer required to ascertain whether all inferences exclude all hypothesis of innocence. Inferential conclusions always rest upon probabilities; the strength of an inference is garnered from the degree of probability it has of being true. As in State v.Rose (Sept. 16, 1985), 4th Dist. No. 1123, 1985 Ohio App. LEXIS 8982, the inference from an incredible explanation of possession of stolen goods to an inference that the possessor broke and entered into the building which contained the goods is "common sense." Id. at *6.
Id. at ¶ 16.
 {¶ 12} In the present case, the record establishes that a person trespassed into the Munnerlyns' home with the purpose to commit theft. The house alarm was set off and the alarm company called Ms. Foggie, the next-door neighbor, to inquire about the circumstances, and Ms. Foggie told them that they should call the police. When Ms. Foggie went outside, she saw the Munnerlyns' busted door, and the bicycle tracks and footprints in the snow. When the officers arrived, they saw the bicycle tracks and footprints and followed them to an alley. Officer Householder returned to his police car so that he could continue to follow the tracks. He followed them and encountered appellant riding a bicycle carrying a black bag that contained a power drill. Mr. Munnerlyn identified both the drill and the bicycle as having been taken from his house. Thus, not only did the bicycle tracks and footprints lead the police to appellant, appellant was found riding the stolen bicycle and carrying the stolen drill in the vicinity of the burglary within 30 minutes of its occurrence.
 {¶ 13} While appellant is correct that this case turns on circumstantial evidence, we find that when viewed in the light most favorable to the state, the circumstantial evidence presented could convince the trier of fact of appellant's guilt beyond a reasonable doubt.
 {¶ 14} Similarly, we cannot say that the jury's verdict was against the manifest weight of the evidence. Appellant suggests that there are credibility issues with respect to whether the footprints matched those of appellant. Again, appellant's focus is on what is absent from the record because the record does not reflect that any comparison was done. A conviction, however, is "not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v.Chandler, Franklin App. No. 05AP-415, 2006-Ohio-2070, citingState v. Moore, Montgomery App. No. 20005, 2004-Ohio-3398, quoting State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757. The weight to be given to the evidence, and the credibility of the witnesses are issues primarily for the trier of fact. DeHass, supra. After carefully reviewing the trial court's record in its entirety, we conclude that there is nothing to indicate that the jury clearly lost its way or that any miscarriage of justice resulted. Consequently, we cannot say that defendant's conviction is against the manifest weight of the evidence.
 {¶ 15} Accordingly, we overrule appellant's first assignment of error.
 {¶ 16} In his second assignment of error, appellant argues that there was not sufficient evidence to support a burglary conviction as a second degree felony because there was insufficient evidence to sustain a finding that another person was present or likely to be present in the structure. R.C.2911.12, the statute under which appellant was charged, provides:
(A) No person, by force, stealth, or deception, shall do any of the following:
(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;
(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
(B) As used in this section, "occupied structure" has the same meaning as in section 2909.01 of the Revised Code.
(C) Whoever violates this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree. A violation of division (A)(4) of this section is a felony of the fourth degree.
 {¶ 17} A person is likely to be present when after consideration of all the circumstances, it would seem to justify a logical expectation that a person could be present. State v.Bateman (June 26, 1997), Franklin App. No. 96APA09-1159. Appellant argues, and appellee concedes, that the evidence adduced at trial was not sufficient to support the finding that "any person other than an accomplice of the offender is present or likely to be present" as is required in R.C. 2911.12(A)(2), and constitutes a second degree felony. Rather, the evidence established that the Munnerlyns were out of town on vacation on December 25, 2004, and did not return until January 3, 2005. SeeState v. Weber (Dec. 23, 1997), Franklin App. No. 97APA03-322;State v. Frock, Clark App. No. 2004 CA 76, 2006-Ohio-1254;State v. Bringham, Montgomery App. No 20344, 2005-Ohio-3173;State v. Hibbard, Butler App. No. CA2001-12-276, 2003-Ohio-707;State v. Cantin (1999), 132 Ohio App.3d 808; and State v.Cochran (Jan. 30, 1996), Cuyahoga App. No. 50057.[1]
 {¶ 18} However, R.C. 2911.12(A)(3) omits the element of presence, or likely presence, of someone other than an accomplice of an offender, and is defined as a felony of the third degree rather than a felony of the second degree. When the evidence shows that a defendant is not guilty of the degree of crime for which he was convicted, but is guilty of a lesser crime included therein, we may modify the verdict accordingly. See Crim.R. 33(A)(4); State v. Lee, Franklin App. No. 03AP-436,2004-Ohio-5540, citing State v. Reed (1981), 65 Ohio St.2d 117,123; State v. Wells (Jan. 7, 2000), Montgomery App. No. 17501, affirmed, 91 Ohio St.3d 32; see, also, State v. Frock, supra; and State v. Scott, Scioto App. No. 02CA2841, 2002-Ohio-7083.
 {¶ 19} Given the record in this case and appellee's concession, we agree that the trial court erred in entering a judgment of conviction for a second-degree felony, and sustain appellant's second assignment of error. Accordingly, we vacate appellant's conviction for a violation of R.C. 2911.12(A)(2), and enter a judgment of conviction on the lesser-included offense of burglary in violation of R.C. 2911.12(A)(3). This matter will be remanded to the trial court for resentencing.
 {¶ 20} In the sole assignment of error presented in his supplemental brief, appellant appears to be arguing that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel.
 {¶ 21} In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; accord State v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.Strickland, at 690. In analyzing the first prong ofStrickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v.Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158.
 {¶ 22} If appellant successfully proves that counsel's assistance was deficient, the second prong of the Strickland
test requires appellant to prove prejudice in order to prevail.Strickland, at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 23} Appellant contends that based on appellee's concession that the evidence does not support a conviction of burglary as a second degree felony, his trial counsel was ineffective for failing to move for acquittal pursuant to Crim.R. 29 after the presentation of appellee's case. We note that the record actually reflects that appellant's trial counsel moved for a Crim.R. 29 dismissal of the case, not only at the conclusion of appellee's case on April 12, 2005, but also prior to appellant's sentencing on May 26, 2005. The trial court overruled both motions. To the extent that appellant's argument relates to the fact that it was error for a judgment of conviction to be entered on burglary as a second degree felony, we have already addressed such issue in the disposition of appellant's second assignment of error.
 {¶ 24} Given the record, and our disposition of appellant's first two assignments of error, we find no merit to appellant's claim of ineffective assistance of counsel. As set forth above, two motions for dismissal pursuant to Crim.R. 29 were made, and both were denied. Further, the standard of review of a denial of a Crim.R. 29 motion is virtually identical to that used in reviewing appellant's claim regarding the sufficiency of the evidence contained in his first assignment of error. We have already found that there was sufficient evidence to sustain appellant's conviction as a third degree felony; therefore, the motions for dismissal were properly denied. Finding no basis for appellant's ineffective counsel claim, we overrule appellant's third assignment of error.
 {¶ 25} For the foregoing reasons, appellant's first and third assignments of error are overruled, appellant's second assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed in part and reversed in part, and this matter is remanded to the Franklin County Court of Common Pleas for resentencing in accordance with law and this opinion.
Judgment affirmed in part, reversed in part, and causeremanded for resentencing.
Petree and Brown, JJ., concur.
[1] The cited cases all found that there was insufficient evidence that the occupants were likely to be present when they were absent for an extended period of time, such as a vacation, and no one else was regularly checking on the residence.