OPINION
{¶ 1} Reginald E. Brown, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court, upon remand pursuant to this court's opinion in State v.Brown, Franklin App. No. 05AP-601, 2006-Ohio-2307, resentenced appellant to a five-year term of incarceration for burglary, in violation of R.C.2911.12, a third-degree felony.
 {¶ 2} For purposes of appellant's assignments of error herein, only a brief recitation of the facts is necessary. On May 27, 2005, the trial court entered a judgment *Page 2 
and sentence upon a jury verdict finding appellant guilty of one count of burglary, in violation of R.C. 2911.12(A)(2), which is a second-degree felony. Appellant was sentenced to serve a five-year term of incarceration. Appellant appealed to this court. In Brown, supra, this court vacated the burglary conviction, finding there was insufficient evidence that a person was present or likely to be present at the time of the burglary. Therefore, we vacated appellant's conviction for a violation of R.C. 2911.12(A)(2), a second-degree felony, and entered a judgment of conviction on the lesser-included offense of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony. We remanded the matter to the trial court for resentencing. Upon remand, the trial court resentenced appellant to a five-year term of imprisonment. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 [I.] The trial court was without authority to impose the maximum term of incarceration, as the sentence violated the Sixth Amendment to the United States Constitution.
 [II.] The trial court erred in imposing the same sentence on remand for re-sentencing on a reduced charge in violation of the proportionality requirement set forth in R.C. 2929.11(B).
 {¶ 3} Appellant argues in his first assignment of error that the trial court's sentence ordering him to serve the maximum term of incarceration was violative of his right against ex post facto laws and his due process rights. Essentially, appellant asserts in all of these assignments of error that the retroactive application of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, to his sentence is unconstitutional. In Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were *Page 3 
unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. Id., at paragraph one of the syllabus. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts had full discretion to impose a prison sentence within the statutory range and were no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 100.
 {¶ 4} Appellant argues that his maximum sentence was unconstitutional. He maintains that, pursuant to the sentencing statutes in effect at the time his crimes were committed, there was a presumption of non-maximum sentences. Appellant did not raise any constitutional objections to his sentences at the trial court level. "Constitutional arguments not raised at trial are generally deemed waived." State v. Trewartha, Franklin App. No. 05AP-513, 2006-Ohio-5040, at ¶ 28, citing State v. Awan (1986),22 Ohio St.3d 120, paragraph three of the syllabus. Notwithstanding waiver, we find appellant's constitutional argument to be without merit. This court has addressed these issues in numerous recent opinions, most notably in State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899. In Gibson, this court found the retroactive application ofFoster did not violate the right to due process and the ex post facto clause. We determined that we were bound to apply Foster as it was written. Id., at ¶ 15, citing State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375. We explained that it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives. Id., citing State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360; State v. Hildreth, Lorain App. *Page 4 
No. 06CA008879, 2006-Ohio-5058; and State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125. We further reasoned in Gibson that, because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected, Foster did not violate due process notions. Id., at ¶ 16, citing State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162. We also noted that the Fifth District Court of Appeals in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, observed that several federal circuit courts have addressed these issues in relation to the United States Supreme Court's decision in State v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, and rejected similar arguments regarding ex post facto and due process violations. Id., citing Paynter, at ¶ 42.
 {¶ 5} In the present case, like the defendant in Gibson, appellant knew the statutory range of punishments at the time he committed the offenses for which he was convicted. The statutory range of punishments has not changed in light of Foster. Thus, Foster did not judicially increase appellant's sentence, and it did not retroactively apply a new statutory term to an earlier committed crime. Further, " `at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum * * * sentences.' " Gibson, at ¶ 18, citing Alexander, at ¶ 8. Therefore, we conclude that the remedial holding of Foster does not violate appellant's constitutional rights. For these reasons, and based upon our rationale in Gibson, we overrule appellant's first assignment of error.
 {¶ 6} Appellant argues in his second assignment of error that the trial court erred in imposing the same sentence on remand for resentencing on a reduced charge, in violation of the proportionality requirement set forth in R.C. 2929.11(B), which provides *Page 5 
that a sentence imposed for a felony shall be consistent with sentences imposed for similar crimes committed by similar offenders. Appellant was originally convicted of second-degree burglary, pursuant to R.C.2911.12(A)(2), which provides that no person, by force, stealth, or deception, may trespass in an occupied structure that is a permanent or temporary habitation of any person when any person is present or likely to be present, to commit any criminal offense. Because we found inBrown that there was no person present or likely to be present because the owners were on vacation at the time of the trespass, this court found appellant was guilty of third-degree burglary under R.C.2911.12(A)(3), which prohibits trespass in an occupied structure with purpose to commit in the structure any criminal offense.
 {¶ 7} The trial court initially sentenced appellant to serve a five-year term of incarceration, which was within the statutory range of two to eight years. Upon remand, the trial court resentenced appellant to a five-year term of imprisonment, which was within the statutory range of one to five years. Appellant maintains that, because he was resentenced to the same term for the third-degree felony as he was originally sentenced for the second-degree felony, the new sentence does not comply with the proportionality requirement of R.C. 2929.11(B). Appellant reasons that the trial court had presumably determined that a five-year sentence was proportional for a second-degree felony when there was a risk of harm to others in the structure, so the court could not find a five-year sentence was proportional for a third-degree felony when there was no risk of harm to others in the structure. We disagree.
 {¶ 8} It is apparent by the sentencing ranges that the state legislature intended there to exist an overlap between the possible sentences for second-and third-degree *Page 6 
burglary offenses. A five-year term of incarceration could be appropriate for both a second-and third-degree burglary, depending upon other circumstances. Thus, the new sentence, on its face, is not violative of any statutory directive. Further, although whether any person was in the structure at the time of the trespass could be a factor the trial court could have used to determine the appropriate sentence, as the state points out, the trial court at both sentencing hearings focused on other circumstances in determining the appropriate sentence. At the first sentencing hearing, the trial court indicated it was sentencing appellant to a five-year sentence because of appellant's "attitude" in not taking responsibility for his actions, his making excuses for his criminal conduct, his "continual" contact with the criminal justice system since 1986, his failure to address any drug issues despite his "abundance of opportunity," and his continual violations of parole over the years. During the resentencing hearing, the trial referred to the evidence at trial and to appellant's "very intensive" prior record. Thus, the trial court did not rely upon the fact that there was or was not any person in the structure at the time of the trespass in determining the appropriate sentence. The record is devoid of any reason as to why appellant's sentence should be found in error. Therefore, appellant's second assignment of error is overruled.
 {¶ 9} Accordingly, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and McGRATH, JJ., concur. *Page 1