OPINION
{¶ 1} Defendant, David Conway, appeals from his conviction and sentence for burglary.
 {¶ 2} Between September 20-26, 2006, a burglary occurred at the residence of Jon Doughty, located at 1900 Rebert Pike in Springfield. Doughty was gone on vacation at that time. *Page 2 
On September 26, 2006, one of Doughty's sons noticed that property was missing from the residence. On September 29, 2006, pursuant to a warrant, police searched a hotel room at the Villager Inn in Springfield that Defendant shared with Angela Young. Police recovered several items inside that hotel room that Jon Doughty identified as his property.
 {¶ 3} On September 29, 2006, the residence of Sharon Stevens located at 2509 Springfield-Xenia Road in Clark County, was burglarized while Stevens and her daughter were inside the residence sleeping. When the two women awoke they discovered the burglary. Later that same morning police encountered Defendant on Hinkle Road near Selma Road. Police took Defendant into custody, although it is unclear from this record why, and when they searched him they recovered from his person two items taken from the Stevens' residence.
 {¶ 4} Defendant was indicted in Case No. 06-CR-1400 on one count of burglary, R.C. 2911.12(A)(2), pertaining to the Doughty residence. Defendant was indicted in Case No. 06-CR-1401 on one count of burglary, R.C. 2911.12(A)(1), pertaining to the Stevens residence. The State filed a motion to consolidate both cases for trial. Defendant filed a response opposing joinder of the two cases. Following a hearing held on December 13, 2006, the trial court granted the State's *Page 3 
motion for joinder of these two cases for purposes of trial. A jury trial commenced on April 12, 2007, following which Defendant was found guilty of both counts of burglary. The trial court sentenced Defendant to the maximum allowable sentence, eight years, on each count, and ordered those sentences to run consecutively for a total sentence of sixteen years.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE GUILTY VERDICTS WERE AGAINST THE SUFFICIENCY OF THE EVIDENCE."
 {¶ 7} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 8} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average *Page 4 
mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 9} As part of its burden in proving that the accused is guilty of committing the offenses charged, beyond a reasonable doubt, the State must prove that the accused is the person who committed the conduct alleged in the indictment, absent which his criminal liability cannot be established. State v. Felder, Montgomery App. No. 21076, 2006-Ohio-2330. Defendant does not argue that the State failed to prove any of the specific elements of burglary. Instead, he argues that the State failed to prove that he was the person who trespassed in and burglarized the Doughty and Stevens residences. In that regard Defendant points out that no one identified him as the perpetrator. Defendant argues that the evidence suggests that someone else, perhaps the woman Defendant shared the motel room with, Angela Young, or the person who stole the pickup truck belonging to Brad Penwell, the boyfriend of Sharon Stevens' niece, may have committed these burglaries. In support of that contention Defendant points out that Angela Young used a fake identification to rent the hotel room and *Page 5 
was the only person in that hotel room when the stolen Doughty property was found. Also, some of the property stolen from the Stevens residence was recovered from Penwell's stolen truck.
 {¶ 10} Although the State's case depends upon circumstantial evidence, a conviction can be sustained based upon circumstantial evidence alone.State v. Franklin (1991), 62 Ohio St.3d 118. Circumstantial evidence has the same probative value as direct evidence. Jenks, supra. Furthermore, it is well established in Ohio that the unexplained possession of recently stolen property gives rise to a permissive inference that the accused is guilty of theft or burglary. State v. Brown, Franklin App. No 05AP-601, 2006-Ohio-2307.
 {¶ 11} Several items stolen from the Doughty residence including pieces of mail were found in the hotel room Defendant shared with Angela Young. Defendant gave a false story to Young that he was in possession of these items because he obtained them while cleaning out a foreclosed property. Defendant provided no other explanation for his possession of the Doughty property. Just a few hours after items were stolen from the Stevens residence, Defendant was found in possession of some of those stolen items. Defendant *Page 6 
offered no explanation for his possession of the Stevens property. The burglaries at the Doughty and Stevens residences occurred just a few days apart. These residences are less than two miles apart, and are similar in that they both are in semi-rural areas and set back from and are not visible from the road to people passing by. Finally, Defendant wrote a letter to Angela Young while he was in jail on these charges. In that letter Defendant refers to "houses" and expresses his belief that the authorities cannot get him for robbery but can get him for receiving stolen property.
 {¶ 12} Construing this evidence and the reasonable inferences therefrom in a light most favorable to the State, as we must, a rational trier of facts could find all of the essential elements of burglary proven beyond a reasonable doubt. Defendant's convictions are supported by legally sufficient evidence.
 {¶ 13} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 14} "CONWAY'S RIGHTS WERE PREJUDICED BY THE TRIAL COURT'S ACCEPTANCE OF THE STATE'S MOTION TO CONSOLIDATE THE CHARGES FOR TRIAL AND THE TRIAL COURT'S REFUSAL TO SEVER THE CHARGES."
 {¶ 15} Defendant argues that the trial court abused its *Page 7 
discretion when it consolidated the two burglary charges for trial.
 {¶ 16} Prior to trial the State filed a motion to consolidate the two burglary offenses for trial. Defendant filed a response opposing joinder of the offenses, citing concerns that the jury would be unable to segregate the proof relating to each offense and would improperly consider the evidence relating to one offense as corroborative of the other offense, i.e. cumulate the evidence. Following a hearing on the matter on December 13, 2006, the trial court sustained the State's motion to join the burglary offenses in Case Nos. 06-CR-1400 and 06-CR-1401 for trial.
 {¶ 17} Pursuant to Crim. R. 8(A), the burglary offenses charged in Case Nos. 1400 and 1401 were properly joined for purposes of trial because the offenses were of the same character, i.e., the burglary of a private residence, and they appear to be part of a common scheme, plan or course of criminal conduct in that the two offenses were committed just days apart, at locations just two miles apart in areas that are semi-rural, and the locations share a common characteristic in that both residences are set back from and are not visible from the road. Joinder of these offenses was proper. The law favors joinder to prevent successive trials, *Page 8 
to minimize the possibility of incongruous results in successive trials before different juries, to conserve judicial resources, and to diminish the inconvenience to witnesses. State v. Schaim, 65 Ohio St.3d 51, 58,1992-Ohio-31; State v. Torres (1981), 66 Ohio St.2d 340, 343.
 {¶ 18} Crim. R. 14 provides:
 {¶ 19} "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, information or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. In ruling on a motion by a defendant for severance, the court shall order the prosecuting attorney to deliver to the court for inspection pursuant to Rule 16(B)(1)(a) any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial."
 {¶ 20} Even if offenses are properly joined pursuant to Crim. R. 8(A), a defendant may move to sever the charges pursuant to Crim. R. 14. To affirmatively show that his rights have been prejudiced by the joinder, the defendant must furnish the trial court with information sufficient to allow *Page 9 
the court to weigh the considerations favoring joinder against the defendant's right to a fair trial. Defendant must also demonstrate that the court abused its discretion in refusing to separate the charges for trial. State v. Glass (Mar. 9, 2001), Greene App. No. 2000CA74; State vLott (1990), 57 Ohio St.3d 160.
 {¶ 21} One of the ways in which the State can negate a defendant's claim of prejudice is by showing that the evidence pertaining to each crime joined at trial is simple and direct, such that the trier of fact could segregate the proof on the multiple charges. Lott; Torres; Statev. Rutledge (June 1, 2001), Montgomery App. No. 18462. The purpose of this "joinder test" is to prevent the jury from confusing the offenses or improperly cumulating the evidence of the various crimes. Lott;Rutledge.
 {¶ 22} Defendant was not prejudiced by the joinder of these two burglary offenses for trial because the evidence pertaining to each offense was simple, direct and distinct. The two burglaries involve different dates, different locations, and different witnesses. Items from the Stevens burglary were found on Defendant's person. Items from the Doughty burglary were found in a hotel room Defendant shared with Angela Young. According to Young, Defendant brought *Page 10 
those items to the hotel room and said he acquired them while cleaning out a foreclosed property. Given the uncomplicated, straight-forward evidence as to each of these offenses, it is improbable that the trier of facts would confuse the evidence or improperly consider the testimony concerning one offense as corroborative of the other offense.Torres. Furthermore, the trial court instructed the jury that generally they must consider each charge and the evidence applicable to each charge separately. Defendant has failed to affirmatively demonstrate prejudice resulting from the joinder of these burglary offenses for trial. The trial court did not abuse its discretion when it denied Defendant's motion to sever the charges.
 {¶ 23} Defendant's second assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Amy M. Smith, Esq.
Brett A. Rinehart, Esq.
 Hon. Douglas M. Rastatter *Page 1