OPINION
{¶ 1} Defendant-appellant Rebecca L. Durbin appeals from her conviction and sentence, following a no-contest plea, for Recklessly Violating the Terms of a Civil Protection Order While Committing a Felony Offense, in violation of R.C. 2919.27(A)(2) and (B)(4), and Menacing by Stalking, having previously been convicted of Menacing by Stalking, in violation of R.C.2903.211(A)(1) and (B)(2)(a). She contends that the trial court committed plain error by failing to merge the two convictions, because they are allied offenses of similar import. She also contends that the trial court erred by imposing more-than-minimum sentences, and by imposing consecutive sentences, because the statutory prerequisites for those sentences are not present.
 {¶ 2} In response to Durbin's sentencing argument, the State concedes that State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, requires a reversal of the sentence and a remand for re-sentencing. In reply, Durbin contends that the remedy mandated in State v. Foster violates the Ex Post Facto clause of Article I, Section 10, of the United States Constitution, and the Due Process clause of the Fourteenth Amendment to the United States Constitution.
 {¶ 3} We conclude that the trial court did not commit plain error by failing to merge
 {¶ 4} Durbin's convictions, because each offense, as statutorily defined, can be committed without committing the other offense, so that they are not allied offenses of similar import. We conclude that State v. Foster, supra, mandates the reversal of the sentence imposed by the trial court, and a remand for re-sentencing. We further conclude that Durbin's contention that the mandate of the Ohio Supreme Court in State v. Foster,
supra, violates the Fourteenth Amendment to the United States Constitution is not cognizable in a state court inferior to the Ohio Supreme Court, and therefore bound to follow the law as laid down by the Ohio Supreme Court.
 {¶ 5} Consequently, the sentence imposed by the trial court is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for re-sentencing in accordance with State v. Foster, supra.
 I {¶ 6} At the plea hearing, the State recited the facts pertaining to both counts, as follows:
 {¶ 7} "Your Honor, in Count I, the State of Ohio is prepared to prove that Rebecca Durbin, between the dates of May 17th
and May 18th, 2005, in Greene County, Ohio, did recklessly violate the terms of any protection order which was issued, pursuant to Sections 2903.213 or 2903.214 of the Ohio Revised Code while committing the felony offense of Menacing by Stalking, which is a violation of 2919.27(A)(2)(b)(4) [sic — there is no such sub-division of R.C. 2919.27; presumably the intended reference was to divisions (A)(2) and (B)(4) of R.C. 2919.27] of the Ohio Revised Code, being Violation of Protection Order, a felony of the third degree.
 {¶ 8} "In this instance there was a protection order issued by the Greene County Common Pleas Court in Case No. 2003-SP-00066, which was issued on June 4th, 2003, by Judge Timothy Campbell which orders Rebecca Durbin to stay away from Barbara Forester and her daughter who live in Yellow Springs, Ohio.
 {¶ 9} "The second count, the State of Ohio is prepared to prove that Rebecca Durbin, between May 17th, 2005, and May 18th, 2005, in Greene County, Ohio, by engaging in a pattern of conduct, did knowingly cause another person, which in this case is Barbara Forester, to believe that the offender would cause physical harm to the other person or cause mental distress to the other person and at the time Rebecca Durbin has been previously convicted of Menacing by Stalking in the Greene County Common Pleas Court, in Case No. 2003-CR-429 as well as in the Xenia Municipal Court, and the correct case number is 2002-CRB-4130. I would move to correct that in the Indictment, Your Honor. There's a typographical error on the case number, and that's contrary to and in violation of Section 2903.211(A)(1) of the Ohio Revised Code, being Menacing by Stalking, a felony of the fourth degree.
 {¶ 10} "Specifically, the facts that the State is prepared to prove are that on Tuesday, May 17th, the victim was in front of the US Bank in Yellow Springs on Xenia Avenue. The Defendant was in a black car and she passed the victim, stared at her, caused the victim mental distress and the victim left the scene.
 {¶ 11} "The next day, on Wednesday, May 18th, the victim was in Tom's Market which is in the Village of Yellow Springs in the produce section of the store. The Defendant, Rebecca Durbin, approached the victim and spoke to her, asking if she was, in fact, Barbara Forester, which caused the victim mental distress and she fled the store.
 {¶ 12} "This conduct is a pattern of conduct which is defined in Ohio Revised Code under Section 2903.211(D)(1), which outlines two or more actions or incidents closely related in time, whether or not there had been a prior conviction based on any of those actions.
 {¶ 13} "The definition of mental distress is also contained within 2923.211(D)(2), and the State is prepared to prove that Barbara Forester did, in fact, suffer mental distress as a result of this conduct, and that this constitutes both a violation of the Protection Order statute, a felony of the third degree, 2919.27(A)(2)(B)(4), as well as the violation of Menacing by Stalking, a felony of the fourth degree under Ohio Revised Code Section 2903.211(A)(1), and those are the facts that the State would be prepared to go forward with."
 {¶ 14} Durbin tendered her plea of no contest to both counts, which was accepted by the trial court. Following a sentencing hearing, the trial court sentenced Durbin to four years for the Reckless Violation of a Protection Order offense, and eighteen months for the Menacing by Stalking offense, with the sentences to be served consecutively. From her conviction and sentence, Durbin appeals.
 II {¶ 15} Durbin's First Assignment of Error is as follows:
 {¶ 16} "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MERGE DURBIN'S CHARGES."
 {¶ 17} Durbin contends that the two offenses of which she was convicted, after pleading no contest, are allied offenses of similar import. The first test for determining whether two offenses are allied offenses of similar import is to determine whether each offense may be committed without committing the other. In making this determination, the elements of each offense must be "compared in the statutory abstract," not with reference to the particular facts alleged in the indictment. State v.Rance (1999), 85 Ohio St.3d 632, 637.
 {¶ 18} The first offense of which Durbin was convicted is proscribed in R.C. 2919.27(A)(2) and (B)(4), as follows:
 {¶ 19} "(A) No person shall recklessly violate the terms of any of the following:
 {¶ 20} "(1) * * *;
 {¶ 21} "(2) A protection order issued pursuant to section2903.213 or 2903.214 * * * of the Revised Code;
 {¶ 22} "(3) * * *.
 {¶ 23} "(B)(1) Whoever violates this section is guilty of violating a protection order.
 {¶ 24} * * *
 {¶ 25} "(4) If the offender violates a protection order or consent agreement while committing a felony offense, violating a protection order is a felony of the third degree."
 {¶ 26} The second offense of which Durbin was convicted is statutorily proscribed in R.C. 2903.211(A)(1) and (B)(2)(a), as follows:
 {¶ 27} "(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
 {¶ 28} * * *
 {¶ 29} "(B) Whoever violates this section is guilty of menacing by stalking.
 {¶ 30} "(1) * * *.
 {¶ 31} "(2) Menacing by stalking is a felony of the fourth degree if any of the following applies:
 {¶ 32} "(a) The offender previously has been convicted of or pleaded guilty to a violation of this section or a violation of section 2911.211 of the Revised Code."
 {¶ 33} We conclude that, as the offenses of which Durbin was convicted are statutorily defined, each can be committed without committing the other. The first offense can be committed by recklessly violating a protection order while committing a felony other than Menacing by Stalking. An example would be coming within some prohibited distance of the residence of the person protected by the protection order while burglarizing the house next door to the protected person's residence, at a time when the protected person is not even aware of the offender's presence, much less under a belief that the offender will cause physical harm or mental distress to the protected person. This would violate R.C. 2919.27(A)(2) and (B)(4), without violating R.C.2903.211(A)(1), because the element of causing the victim to believe that the offender will cause physical harm or mental distress is lacking.
 {¶ 34} Likewise, R.C. 2903.211(A)(1) and (B)(2)(a), the statute proscribing the Menacing by Stalking offense of which Durbin was convicted, can be violated without violating R.C.2919.27(A)(2) and (B)(4), because a person can be guilty of Menacing by Stalking even though no civil protection order, a prerequisite for violation of R.C. 2919.27, is in effect.
 {¶ 35} Because each of the offenses of which Durbin was convicted, as statutorily defined, can be committed without committing the other offense, they are not allied offenses of similar import, and the trial court did not commit error, plain or regular, by failing to merge her convictions. Durbin's First Assignment of Error is overruled.
 III {¶ 36} Durbin's Second, Third, and Fourth assignments of error are as follows:
 {¶ 37} "THE TRIAL COURT ERRED BY SENTENCING DURBIN TO CONSECUTIVE SENTENCES.
 {¶ 38} "THE TRIAL COURT ERRED BY SENTENCING DURBIN TO MORE THAN THE MINIMUM FOR A FIRST PRISON SENTENCE.
 {¶ 39} "THE TRIAL COURT ERRED BY SENTENCING DURBIN TO A TERM OF IMPRISONMENT AGGREGATING TO GREATER THAN THE MAXIMUM THAT THE HIGHEST FELONY PERMITS."
 {¶ 40} In support of each of these assignments of error, Durbin relies upon portions of the Ohio felony sentencing statute that have been declared unconstitutional, and have been severed, by State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The State recognizes this, and concedes that Durbin's sentence must be reversed, and this cause must be remanded for re-sentencing in accordance with Foster.
 {¶ 41} In her reply brief, Durbin does not dispute thatState v. Foster, supra, mandates that sentences pending on appeal at the time Foster was decided, which would include this case, must be reversed, and the cause must be remanded for re-sentencing. Durbin contends that this mandate violates the Ex Post Facto clause of Article I, Section 10 of the United States Constitution, and the Due Process clause of theFourteenth Amendment to the United States Constitution.
 {¶ 42} We conclude that Durbin's argument that the mandate of the Ohio Supreme Court in Foster violates the United States Constitution is not cognizable in this court. As an Ohio court inferior to the Ohio Supreme Court, we are required to follow its mandates; we lack the jurisdictional power to declare a mandate of the Ohio Supreme Court to be unconstitutional.
 {¶ 43} To the limited extent required by State v. Foster,
supra, Durbin's Second, Third, and Fourth assignments of error are sustained.
 IV {¶ 44} Durbin's First Assignment of Error having been overruled, and her Second, Third, and Fourth assignments of error having been sustained to the limited extent required by State v.Foster, supra, the sentence imposed by the trial court is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded to the trial court for re-sentencing in accordance with State v. Foster, supra.
Brogan and Walters, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).