OPINION
{¶ 1} On December 13, 2004, defendant-appellant, Shawn M. Alexander ("appellant"), pled guilty to three counts of rape in the Franklin County Court of Common Pleas. On January 21, 2005, the court sentenced him to one eight-year term and two seven-year terms of imprisonment, and ordered that he serve the terms consecutively, for an aggregate sentence of 22 years. Appellant appealed to this court and we determined [D1] that the trial court erred in making sentencing findings outside of appellant's presence. State v. Alexander, 10th Dist. No. 05AP-192, 2006-Ohio-1298, ¶ 26.
 {¶ 2} We also noted that, following briefing in that case, the Supreme Court of Ohio had decided the case of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, certiorari denied, Foster v. Ohio (2006),127 S.Ct. 442, 166 L.Ed.2d 314. In that case the court held, inter alia, that R.C. 2929.14(E)(4), which required findings not made by a jury before consecutive sentences could be imposed, was unconstitutional and must be severed. We went on to state:
 In that context, the issue defendant raises is whether the trial court erred in failing to place on the record the findings and reasons no longer required under the severed provisions of R.C. 2929.14(E). Had the trial court placed its findings and reasons on the record, the matter nonetheless would have to be returned to the trial court for resentencing in accordance with Foster. We see no reason to reach a different result here, where the trial court failed to place its findings on the record.
Alexander, at ¶ 27.
 {¶ 3} Accordingly, we reversed the judgment and remanded for a new sentencing hearing pursuant to Foster. On April 19, 2006, the trial court held the new sentencing hearing and imposed the same sentences as it had before, and again ordered them to be served consecutively. Appellant timely appealed and advances one assignment of error for our review, as follows:
 At the resentencing hearing, imposition of greater than the minimum terms for an individual who had not previously served time in prison, and making those terms consecutive, violated the Sixth Amendment and due process guarantees of the federal constitution and the equivalent guarantees under the Ohio Constitution.
 {¶ 4} In support of his assignment of error, appellant argues that theFoster court's severance of R.C. 2929.14(B), which relates to non-minimum sentences, and R.C. 2929.14(E)(4), which relates to consecutive sentences, coupled with its application of that case to all cases then pending on direct appeal, such as appellant's, unlawfully deprived him of due process. Specifically, he argues that, as applied to him, the Foster decision operates as an ex post facto law because it inflicts a greater punishment upon him than would have the sentencing statutes in place at the time he committed his crimes. He argues that application of Foster to his case unlawfully divests him of "the presumption of minimum and concurrent terms." (Brief of appellant, 9.)
 {¶ 5} Appellant maintains that the Foster court should only have excised the judicial fact finding portions of R.C. 2929.14(C) and (E)(4) but should have left intact the portions of the statute that expressed presumptions in favor of minimum and concurrent sentences. He argues that we should reverse and remand for a third sentencing hearing, and order that the trial court impose minimum and concurrent sentences.
 {¶ 6} Plaintiff-appellee, State of Ohio ("State") argues that appellant did not raise this argument in the trial court and has thus waived all but plain error. We agree. The record discloses that appellant never raised his ex post facto argument in the trial court and he has therefore waived the issue on appeal, absent plain error.State v. Houston, 10th Dist. No. 04AP-875,2005-Ohio-4249, ¶ 28, reversed in part on other grounds, In re OhioCrim. Sentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109,847 N.E.2d 1174.
 {¶ 7} We are bound to apply Foster as it was written. Sant v. HinesInterests Ltd. Partnership, 10th Dist. No. 05AP-586, 2005-Ohio-6640, ¶ 19 ("[W]e [are] bound to follow precedent set by the Supreme Court[.]"). Likewise, the trial court was bound to applyFoster as written, and was not permitted to give appellant "* * * the benefit of a state of law that never existed; [that is,] * * * a sentence that comports with the Sixth Amendment requirements ofBooker [ ] and Foster[ ] * * * but [without] the possibility of a higher sentence under the remedial holdings of Booker [ ] and Foster [ ]."State v. Paynter, 5th Dist. No. CT2006-0034,2006-Ohio-552, ¶ 28, quoting U.S. v. Jamison (C.A.7, 2005),416 F.3d 538, 539; see, also, State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162.
 {¶ 8} As the Foster court noted, once the mandatory judicial fact-finding is properly eliminated from R.C. 2929.14, "there is nothing to suggest a 'presumptive term' ". Foster, at ¶ 96. Therefore, the court held, the sections that "* * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]" Id. at ¶ 97. Thus, at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences. As such,Foster does not violate appellant's right to due process and does not operate as an ex post facto law.
 {¶ 9} But appellant now seeks the benefit of an irrebuttable presumption of minimum and concurrent sentences, even though such a presumption never existed, arguing that we should order the trial court to apply part of Foster to him but not all of it. For all of the reasons stated hereinbefore, this we cannot do. Therefore, we find no error and overrule appellant's assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.