OPINION
{¶ 1} This appeal arises from the Franklin County Court of Common Pleas' May 16, 2006 corrected judgment entry sentencing defendant-appellant, Donald W. Gibson ("appellant"), pursuant to anAlford plea[1] entered on February 27, 2006 to one count of rape and one count of felonious assault.
 {¶ 2} On July 16, 2004, appellant was indicted by the Franklin County Grand Jury on two counts of rape, and one count of felonious assault resulting from an incident that occurred on June 28, 2004. On February 27, 2006, the trial court held a plea hearing during which the trial court advised appellant of his rights pursuant to Crim. R. 11. The facts surrounding the underlying incident were read into the record by the prosecutor as follows:
 About 3:00 the Defendant came in [to the bar where the victim was]. She met up with him. They were talking a little bit about relationships they were involved in, getting to know each other a little bit. They were also drinking. Around midnight [the victim] and the Defendant left the bar. [The victim] went outside the bar to find that her car wasn't there. She and the Defendant walked behind the bar to the alley in the efforts to look for her car. Once they were back behind the alley, the Defendant grabbed her and slammed her against the wall, began to strangle her, with one hand he strangled her, and with the other hand he pulled her pants off. At some point he grabbed an object that was about a foot long, looked like a rod, began jamming this rod into her vagina and into her anus. A pickup truck drove down the alley, and the Defendant fled. Medics and the police responded. They took [the victim] to Riverside Hospital. She spent five days in the hospital, had reconstructive surgery to her genitalia and to her anus. She still has problems today. She picked the Defendant out of a photo array. There were still photos showing the two of them leaving the bar together. The Defendant's jacket was found at the scene with her blood on it, and his DNA was found and saliva was found on a bite mark on her breast. Thank you, Your Honor.
(Feb. 27, 2006 Tr. at 18-19.)
 {¶ 3} For purposes of the plea, appellant took no exception to the facts as presented by the prosecutor. The trial court thereafter accepted appellant's Alford plea to one count of rape, a felony of the first degree, in violation of R.C. 2907.02, and one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11, and found appellant guilty of the same. Subsequently, the trial court ordered a presentence investigation. At the sentencing hearing on April 14, 2006, the trial court imposed the maximum sentence for each count: Ten years of incarceration on the rape conviction, and eight years of incarceration on the felonious assault conviction, each to be served consecutively. On April 26, 2006, judgment was entered reflecting the trial court's imposed sentence. On May 16, 2006, the trial court filed a corrected judgment entry to correct a typographical error. The original April 26, 2006 judgment entry stated, in part: "The Court further finds that a prison term is not mandatory pursuant to R.C. 2929.13(F)." (April 26, 2006 Entry, at 2.) The corrected judgment entry stated, in part: "The Court further finds that a prison term is mandatory pursuant to R.C. 2929.13(F)." (Emphasis sic.) (May 16, 2006 Entry, at 2.)
 {¶ 4} Appellant timely appeals, and brings the following two assignments of error for our review:
 ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED WHEN IT CORRECTED THE JUDGMENT TO INDICATE THAT THE EIGHTEEN-YEAR PRISON TERM WAS A MANDATORY PRISON TERM WHEN ONLY THE TEN-YEAR PRISON TERM FOR THE RAPE CONVICTION COULD BE IMPOSED AS A MANDATORY PRISON TERM.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT DID NOT HAVE THE STATUTORY AUTHORITY TO IMPOSE MAXIMUM AND CONSECUTIVE SENTENCES AND A SENTENCE GREATER THAN THE MINIMUM SENTENCE AND THE IMPOSITION OF THIS SENTENCE VIOLATED THE DEFENDANT'S SIXTH AMENDMENT AND DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE EQUIVALENT RIGHTS UNDER THE OHIO CONSTITUTION.
 {¶ 5} Under his first assignment of error, appellant contends the trial court's corrected judgment entry is in error. Crim. R. 36 provides, "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." It is clear that the purpose of the May 16, 2006 judgment entry was to correct a clerical mistake arising from oversight, as there was discussion at the plea hearing about the rape conviction carrying a mandatory prison term. (Feb. 27, 2006 Tr. at 13, 19-22.) In fact, appellant does not argue that the corrected judgment entry did more than correct an oversight. Rather, appellant contends that because the corrected language is followed by the imposition of the ten-year and eight-year sentences, the corrected judgment entry inaccurately reflects that the total 18-year prison term is mandatory, when only the prison term imposed on the rape conviction is mandatory. Therefore, appellant asks this court to remand this matter with instructions to the trial court to have the sentencing entry reflect that the only mandatory sentence is the ten-year term of incarceration imposed for the rape conviction.
 {¶ 6} Appellee agrees with appellant that his felonious assault conviction does not carry a mandatory prison term. However, appellee argues the trial court's corrected judgment entry is not in error because it does not make such a finding. We agree.
 {¶ 7} The corrected judgment entry states, in pertinent part:
 * * * The Court further finds that a prison term is mandatory pursuant to R.C. 2929.13(F).
 The Court hereby imposes the following sentence: Ten (10) Years as to Count Two and Eight (8) Years as to Count Three to be served consecutive with each other at the Ohio Department of Rehabilitation and Correction. The Court finds specifically that this offence [sic] was so vicious and unusual in it's [sic] ferocity as to require the maximum possible sentence.
(Emphasis sic.) (May 16, 2006 Entry, at 2.)
 {¶ 8} The statement that "a prison term is mandatory pursuant to R.C. 2929.13(F)," is an accurate statement of the law. Nowhere does the corrected judgment entry reflect that felonious assault carries a mandatory prison term, nor does the corrected judgment entry reflect that both of the stated prison terms are mandatory. We find no error in the trial court's May 16, 2006 corrected judgment entry, and thus, find no reason to remand said entry to the trial court for correction. Accordingly, we overrule appellant's first assignment of error.
 {¶ 9} In his second assignment of error, appellant contends the trial court erred by imposing a non-minimum and consecutive term of imprisonment. Specifically, appellant asserts the retroactive application of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, to his sentence violates both his right to due process and the ex post facto clause of the United States Constitution. Therefore, appellant wants to be sentenced to minimum, concurrent terms for the offenses of which he was convicted.
 {¶ 10} In Foster, the Supreme Court of Ohio held that under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. Id. at paragraph one of the syllabus. As a remedy, the Supreme Court of Ohio severed the offending sections from Ohio's sentencing code.
 {¶ 11} Appellant argues that the severance remedy instituted inFoster violates his Sixth Amendment and due process rights because the severance, in effect, raises the presumptive minimum sentence. According to appellant, under the sentencing statutes in effect at the time his crimes were committed, there was a presumption of minimum and concurrent terms, and non-maximum sentences. For that reason, it is appellant's position that the remedial holding of Foster violates due process rights and ex post facto principles. Under Bouie v. City of Columbia (1964),378 U.S. 347, 84 S.Ct. 1697, appellant contends the test of whether a judicial act creates an ex post facto law is whether the late action of the judiciary was unforeseeable at the time of the commission of the offense. Appellant contends that because Foster created an unanticipated remedy when it erased the presumption, to which he was entitled and from which he benefited, its application violates his constitutional rights.
 {¶ 12} Appellee contends Foster does not violate the constitutional protections against ex post facto laws because appellant had notice of the potential maximum sentences when the crimes were committed, and these potential sentences did not change after Foster. Further, appellee argues that pursuant to R.C. 1.50, any statutory provision that is held unconstitutional may be severed, thus any party challenging the constitutionality of any statutory provision is on notice that severance is possible.
 {¶ 13} Both the United States and Ohio Constitutions prohibit ex post facto legislation, and similar restrictions have been placed on judicial opinions. See, e.g., Bouie, supra. In Bouie, the United States Supreme Court held that due process prohibits retroactive application of any "judicial construction of a criminal statute [that] is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue." Id. at 354. While Bouie referenced ex post facto principles, the United States Supreme Court later explained thatBouie was "rooted firmly in well established notions of due process," and "[i]ts rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v. Tennessee,532 U.S. 451, 459, 121 S.Ct. 1693. This principle has also been recognized by the Supreme Court of Ohio in State v. Garner (1995),74 Ohio St.3d 49. "`[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law'" and "can thereby violate the Due Process Clause of theFourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments." Id. at 57, quoting Bouie, at 353, and citingMarks v. United States (1997), 430 U.S. 188, 191-192, 97 S.Ct. 990.
 {¶ 14} At the outset, we note that Foster was decided on February 27, 2006, and appellant was sentenced on April 14, 2006. Appellant did not raise this argument to the trial court, and failure to do so constitutes a waiver of this issue on appeal. State v. Awan (1986),22 Ohio St.3d 120, syllabus (holding that failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal).
 {¶ 15} Yet, even assuming the issue had been properly preserved for appeal, we find that appellant's position lacks merit. Recently, in reviewing an ex post facto claim with respect to a sentencing underFoster, this court held that "[w]e are bound to apply Foster as it was written." State v. Alexander, Franklin App. No. 06AP-501,2006-Ohio-6375. Further, as noted by the Fourth Appellate District inState v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360, the Ninth and Second Appellate Districts have rejected Foster/ex post facto arguments outright, explaining that it is unlikely the Supreme Court of Ohio would direct inferior courts to violate the Constitution, and in any event, inferior courts are bound by Supreme Court of Ohio directives. State v. Hildreth, Lorain App. 06CA8879, 2006-Ohio-5058;State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125.
 {¶ 16} While agreeing with the observations made in Hildreth andDurbin, the court in Grimes also approved of, and followed, the reasoning of the Third Appellate District in State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. The McGhee court looked, in part, to the federal court system for guidance, and held that because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected, Foster did not violate due process notions. The Fifth District Court in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, also noted that several federal circuit courts have addressed the ex post facto argument in relation to the United States Supreme Court's decision in State v. Booker[2] (2005),543 U.S. 220, 125 S.Ct. 738, and rejected similar arguments regarding ex post facto and due process violations. Id. at ¶ 42, citing United Statesv. Lata (C.A.1, 2005), 415 F.3d 107; United States v. Vaughn (C.A.2, 2005), 430 F.3d 518, certiorari denied (2006), 126 S.Ct. 1665;United States v. Scroggins (C.A.5, 2005), 411 F.3d 572; United States v.Jamison (C.A.7, 2005), 416 F.3d 538; United States v. Dupas (C.A.9, 2005), 417 F.3d 1064, amended by (C.A.9, 2005), 419 F.3d 916, certiorari denied (2006), 126 S.Ct. 1484; United States v. Rines (C.A.10, 2005),419 F.3d 1104, 1106 certiorari denied (2006), 126 S.Ct. 1089; UnitedStates v. Duncan (C.A.11, 2005), 400 F.3d 1297, certiorari denied,126 S.Ct. 432; United States v. Shepherd (C.A.6, 2006), 453 F.3d 702,705-706.
 {¶ 17} Additionally, the Second District in State v. Smith, Montgomery App. No. 21004, 2006-Ohio-4405, recently applied the Seventh Circuit's rationale that the remedial holding of Booker did not violate the ex post facto clause because the defendant had fair warning of the sentencing range at the time he committed his crimes. Id., citingJamison, supra. The court in Smith, relying on Jamison, stated "[t]he Ohio Supreme Court's decision to sever the provisions of the Ohio sentencing statutes in Foster affects Smith's punishment, not whether his actions constituted a criminal act. The statutory range of punishment Smith faced before the decision in Foster was between one and five years, and after Foster, Smith still faces between one and five years when his case is remanded for resentencing." Id. at ¶ 34. See, also, State v. Doyle, Brown App. No. CA2005-11-020, 2006-Ohio-5373
(applying the rationale of Smith, and concluding that the remedial holding of Foster does not violate either the ex post facto or due process clause).
 {¶ 18} Here, like the defendants in the above-cited cases, appellant knew the statutory range of punishments at the time he committed the offenses for which he was convicted. The statutory range of punishments has not changed in light of Foster. Contrary to appellant's suggestion,Foster did not judicially increase the range of appellant's sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime. Further, as stated by this court in Alexander, supra, "at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences." Id. at ¶ 8. Hence, we conclude that the remedial holding ofFoster does not violate appellant's due process rights, or the ex post facto principles contained therein. Consequently, we overrule appellant's second assignment of error.
 {¶ 19} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 SADLER and FRENCH, JJ., concur.
[1] In North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, the United States Supreme Court held that, under certain circumstances, a defendant may plead guilty to an offense despite continued protestations of innocence, which has become commonly known as an "Alford plea." Thus, it has been held that an Alford plea is "merely a species of guilty plea." State v. Carter (1997), 124 Ohio App.3d 423, 429.
[2] The Ohio Supreme Court in Foster patterned its remedy after that set forth by the United States Supreme Court in Booker, which, relying on Apprendi and Blakely, stated that judicial fact-finding violates a person's Sixth Amendment rights.