DECISION
{¶ 1} Defendant-appellant, Shawn Michael Pigot, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him to a total of two years in prison for his convictions for assault. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On January 3, 2006, defendant was indicted on two counts of assault, in violation of R.C. 2903.13, both felonies of the fourth degree. On March 16, 2006, defendant pled guilty to two counts of the stipulated lesser-included offense of assault, in violation of R.C.2903.13, both felonies of the fifth degree. On the same day, the trial court sentenced defendant to 12 months in prison on each count and ordered that the sentences be served consecutively with each other and concurrently with case No. 06CR-1376. The trial court filed its judgment entry on March 20, 2006.
 {¶ 3} Defendant timely filed a notice of appeal from that judgment and assigns the following single assignment of error for our review: "The trial court erred by imposing maximum consecutive sentences."
 {¶ 4} By his assignment of error, defendant argues that the trial court erred by not sentencing him to minimum and concurrent sentences for his convictions. Defendant argues that his maximum and consecutive sentences were unconstitutional. According to defendant, the severance remedy applied by the Supreme Court of Ohio in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856,[1] certiorari denied (2006), 127 S.Ct. 442, which leaves the trial courts with full discretion to sentence a defendant within the statutory range, violates the Due Process and Ex Post Facto Clauses of the United States Constitution because it deprives "the accused of the statutory presumption in favor of minimum, non-consecutive sentences that existed at the time of the commission of the offense." (Defendant's brief, at 6.) According to defendant, the severance remedy applied in Foster violates due process because it is a significant and unpredictable departure from, and redrafting of, the statutory law enacted by the General Assembly. Defendant seeks a remand and instructions that he be sentenced to minimum concurrent sentences.
 {¶ 5} In Foster, the Supreme Court of Ohio, following Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, found portions of Ohio's felony sentencing scheme unconstitutional because those portions required judicial fact-finding in violation of a defendant'sSixth Amendment right to a trial by jury. The Foster court severed the unconstitutional provisions from Ohio's felony sentencing laws. See id. at ¶ 90-102 (applying a severance remedy similar to that adopted inUnited States v. Booker [2005], 543 U.S. 220, 125 S.Ct. 738). As a result of the Foster court's application of the severance remedy, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 6} In the case at bar, defendant committed his offenses before the Supreme Court of Ohio released Foster, but he was sentenced afterFoster. Pursuant to Foster, the trial court had full discretion to impose prison sentences within the statutory range. In that regard, defendant does not argue that the sentences imposed upon him were not within the statutory range. Rather, as outlined above, he argues that the Supreme Court of Ohio's application of the severance remedy inFoster violates the Due Process and Ex Post Facto Clauses of the United States Constitution. However, defendant did not raise any constitutional objections to his sentences at the trial court level. "Constitutional arguments not raised at trial are generally deemed waived." State v.Trewartha, Franklin App. No. 05AP-513, 2006-Ohio-5040, at ¶ 28, citingState v. Awan (1986), 22 Ohio St.3d 120, paragraph three of the syllabus.
 {¶ 7} Notwithstanding the issue of waiver, we find defendant's constitutional argument to be unpersuasive. This court, as well as other intermediate appellate courts in Ohio, has determined that application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. See State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899 (concluding that the remedial holding of Foster did not violate the appellant's due process rights, or the ex post facto principles contained therein); State v.Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375, at ¶ 8 ("Thus, at the time that [the] appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences. As such, Foster does not violate [the] appellant's right to due process and does not operate as an ex post facto law."); State v.McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162 (finding thatFoster does not violate the Ex Post Facto Clause of the United States Constitution or federal notions of due process); State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360 (agreeing with theMcGhee court's reasoning).
 {¶ 8} Therefore, we conclude that the trial court did not err by imposing maximum consecutive prison sentences upon defendant. Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT and BROWN, JJ., concur.
[1] In response to the Foster decision, the defendant-appellant Andrew Foster timely filed a motion for reconsideration, arguing that the severance remedy applied in Foster violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The Supreme Court of Ohio denied the motion without setting forth the reason(s) for the denial. See 109 Ohio St.3d 1408, 2006-Ohio-1703.