OPINION
{¶ 1} Kevan M. Trewartha, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the trial court, upon remand by this court in State v. Trewartha, 165 Ohio App.3d 91,2005-Ohio-5697 {"Trewartha I"), resentenced appellant to a term of incarceration.
 {¶ 2} On August 30, 2004, appellant was found guilty of aggravated murder with capital specifications of prior calculation and design, with firearm specification; aggravated robbery, with firearm specification; tampering with evidence, with firearm specification; and possession of a deadly weapon while under a disability. On appeal in Trewartha I, supra, we found that, because the evidence supported the jury's finding that appellant committed aggravated murder while committing robbery but did not support the capital specification of prior calculation and design, we affirmed the trial court's decision in part and reversed in part. We remanded the matter for resentencing on the murder conviction without the capital specification.
 {¶ 3} Appellant filed a pro se application to reopen under App.R. 26(B), arguing, in part, that his appellate counsel was ineffective for failing to object to the imposition of consecutive sentences pursuant toBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, andState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We denied the application, finding that the above issue was moot because the case had been remanded for resentencing, and appellant could raise the issue at the resentencing or an appeal of such. See State v. Trewartha (Mar. 23, 2006), Franklin App. No. 04AP-963 (Memorandum Decision).
 {¶ 4} Upon remand, appellant filed a written statement in allocution of sentence, in which he claimed it was improper to sentence him to anything other than the minimum sentence, pursuant to Foster and the due process and ex post facto provisions of the state and federal constitutions. Subsequently, on June 15, 2006, the trial court resentenced appellant, ordering the following: 20 years to life imprisonment, with respect to the conviction for murder; nine years imprisonment, with respect to the conviction for aggravated robbery; three years imprisonment, with respect to the conviction for tampering with evidence; 11 months, with respect to the conviction for having a weapon while under disability; three years mandatory actual consecutive incarceration, with respect to the firearm specification for the murder conviction (the firearm specification with respect to the convictions for aggravated robbery and tampering with evidence merged with the firearm specification for the murder conviction); the sentence for the aggravated robbery conviction be served consecutive to the sentence for the murder conviction; the sentence for tampering with evidence be served consecutive to the sentences for murder and aggravated robbery; and the sentence for having a weapon while under disability be served consecutive to the sentences for murder, aggravated robbery, and tampering with evidence. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 THE TRIAL COURT DID NOT HAVE THE STATUTORY AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES WHEN THE IMPOSITION OF THIS SENTENCE VIOLATED THE DEFENDANT'S SIXTH AMENDMENT AND DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE EQUIVALENT RIGHTS UNDER THE OHIO CONSTITUTION.
 {¶ 5} Appellant asserts in his assignment of error that the trial court's judgment ordering consecutive sentences for crimes committed prior to Foster was violative of due process rights and ex post facto principles. Appellant maintains that, pursuant to the sentencing statutes in effect at the time his crimes were committed, there was a presumption of concurrent terms. In Foster, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely, supra, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. Foster, at paragraph one of the syllabus. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts had full discretion to impose a prison sentence within the statutory range and were no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 100.
 {¶ 6} This court recently addressed the Foster decision with regard to the ex post facto prohibition and due process in State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899. In Gibson, this court found the retroactive application of Foster did not violate the right to due process and the ex post facto clause. We determined that we were bound to apply Foster as it was written. Id., at ¶ 15, citing State v.Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375. We explained that it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and, in any event, inferior courts are bound by Ohio Supreme Court directives. Id., citing State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360; State v. Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058; and State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125. We further reasoned in Gibson that, because the criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding ofFoster was not unexpected, Foster did not violate due process notions. Id., at ¶ 16, citing State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162. We also noted that the Fifth District Court in State v.Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, observed that several federal circuit courts have addressed these issues in relation to the United States Supreme Court's decision in State v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, and rejected similar arguments regarding ex post facto and due process violations. Id., citing Paynter, at ¶ 42.
 {¶ 7} In the present case, like the defendant in Gibson, appellant knew the statutory range of punishments at the time he committed the offenses for which he was convicted. The statutory range of punishments has not changed in light of Foster. Thus, Foster did not judicially increase appellant's sentence, and it did not retroactively apply a new statutory term to an earlier committed crime. Further, " 'at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of * * * concurrent sentences.' " Id., at ¶ 18, citing Alexander, at ¶ 8. Therefore, we conclude that the remedial holding of Foster does not violate appellant's due process rights or the ex post facto principles contained therein. For these reasons, and, based upon our rationale in Gibson, we overrule appellant's assignment of error.
 {¶ 8} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH and McGRATH, JJ., concur.