OPINION
{¶ 1} Defendant-appellant, Lloyd R. Cain ("appellant"), appeals the sentence imposed after this court remanded his case for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, certiorari denied (2006), 127 S.Ct. 442. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} For purposes of appellant's assignment of error herein, only a brief recitation of the facts is necessary. On March 28, 2005, appellant pled guilty to one count of engaging in a pattern of corrupt activity as a felony of the second degree, two counts of theft as felonies of the third degree, ten counts of theft as felonies of the fourth degree, and one count of theft as a felony of the fifth degree. On May 20, 2005, the trial court sentenced appellant to a combination of concurrent and consecutive prison terms totaling 13 years and nine months. Appellant filed a direct appeal of his sentence, and on March 15, 2006, we remanded the matter to the trial court for resentencing pursuant toFoster. Upon remand, the trial court reimposed the same sentence. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 The trial court's application of State v. Foster (2006), 109 Ohio St.3d 1, at Appellant's resentencing hearing violated Appellant's rights as guaranteed by the Ex Post Facto and Due Process Clauses of the United States Constitution. Appellant was entitled to the imposition of minimum, concurrent prison sentences, and the failure to impose such sentences deprived Appellant of his right to a jury trial as guaranteed by the United States Constitution.
 {¶ 3} Appellant argues that the Foster court's[1] severance of R.C.2929.14(B) unlawfully deprived him of due process and unlawfully operates as an ex post facto law because it inflicts a greater punishment upon him than he would have faced under the sentencing statutes (minus the fact-finding provisions found unconstitutional inFoster) *Page 3 
that were in place at the time he committed his crimes. As a result, appellant contends that application of Foster to his case unlawfully divests him of the right to minimum terms. He also argues that the severance remedy applied in Foster violates due process because it is a significant and unpredictable departure from, and redrafting of, the statutory law enacted by the General Assembly. Thus, appellant seeks a remand and instructions that he be sentenced to minimum concurrent sentences.
 {¶ 4} In Foster, the Supreme Court of Ohio, following Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, found portions of Ohio's felony sentencing scheme unconstitutional because those portions required judicial fact-finding in violation of a defendant'sSixth Amendment right to a trial by jury. The Foster court severed the unconstitutional provisions from Ohio's felony sentencing laws. See id. at ¶ 90-102 (applying a severance remedy similar to that adopted inUnited States v. Booker [2005], 543 U.S. 220, 125 S.Ct. 738). As a result of the Foster court's application of the severance remedy, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. *Page 4 
 {¶ 5} As recognized by appellant in his brief,[2] we are bound to apply Foster as it was written. Appellant committed his offenses before the Supreme Court of Ohio released Foster, and knew the statutory range of punishments at the time he committed the offenses for which he was convicted. The statutory range of punishments has not changed in light of Foster, and, therefore, Foster did not judicially increase appellant's sentence. The trial court did not resentence appellant based upon any additional factual findings not found by a jury, and appellant did not receive greater than the statutory maximum based upon factual findings the jury did make, as prohibited by Blakely.
 {¶ 6} This court, as well as other intermediate appellate courts in Ohio, has determined that application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. See, e.g., State v. Gibson, Franklin App. No. 06AP-509,2006-Ohio-6899 (concluding that the remedial holding of Foster did not violate the appellant's due process rights or the ex post facto principles contained therein); State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375, at ¶ 8 ("Thus, at the time that [the] appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences.");State v. Fout, Franklin App. No. 06AP-664, 2007-Ohio-619; State v.Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504; State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423; State v. Henderson, *Page 5 
Franklin App. No. 06AP-645, 2007-Ohio-382; State v. Trewartha, Franklin App. No. 06AP-654, 2007-Ohio-299; State v. Hairston, Franklin App. No. 06AP-420, 2007-Ohio-143; State v. Pigot, Franklin App. No. 06AP-343,2007-Ohio-141. As such, Foster does not violate [the] appellant's right to due process and does not operate as an ex post facto law.");State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162 (finding thatFoster does not violate the Ex Post Facto Clause of the United States Constitution or federal notions of due process); State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360 (agreeing with theMcGhee court's reasoning).
 {¶ 7} Based on the foregoing, we conclude that the remedial holding ofFoster does not violate appellant's constitutional rights. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] In response to the Foster decision, the defendant-appellant Andrew Foster timely filed a motion for reconsideration, arguing that the severance remedy applied in Foster violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The Supreme Court of Ohio denied the motion without setting forth the reason(s) for the denial. See 109 Ohio St.3d 1408, 2006-Ohio-1703.
[2] Appellant notes on page 2, fn. 1, of his appellate brief that he "recognizes that this Court is bound to follow the Supreme Court's mandate in Foster. Nevertheless, because imposition of Foster deprived Appellant of important federal constitutional rights, the instant appeal is submitted for this Court's consideration." *Page 1