OPINION
{¶ 1} Defendant, Allen Summers, appeals from his conviction and sentence for breaking and entering and for theft.
 {¶ 2} On May 23, 2005, Defendant entered the Performance Clinic, an automotive parts store, in Beavercreek, and removed *Page 2 
property valued at over five hundred dollars but less than five thousand dollars. As a result, Defendant was indicted on one count of breaking and entering, R.C. 2911.13(B), one count of theft, R.C. 2913.02(A)(1), and one count of possessing criminal tools, R.C. 2923.24(A). Pursuant to a negotiated plea agreement, Defendant entered pleas of guilty to the breaking and entering and theft charges in exchange for a dismissal of the criminal tools charge and the State's promise to recommend a ten-month sentence.
 {¶ 3} Defendant failed to appear at sentencing and a warrant was issued for his arrest. After Defendant was apprehended and appeared for sentencing, he was told by his counsel that the Probation Department would recommend a sentence of twenty-two months, and that the trial court had indicated that the probable sentence would be seventeen months.
 {¶ 4} Defendant moved to withdraw his guilty pleas, claiming that he had been taking methadone for his heroin addiction at the time of his plea, which clouded his mind and affected his ability to think clearly and make decisions. Defendant further alleged that he agreed to plead guilty because he believed a ten month sentence would be imposed.
 {¶ 5} The trial court continued the matter, and on the *Page 3 
date set for disposition the trial court held a hearing on Defendant's motion to withdraw his guilty pleas. Following the hearing the trial court overruled Defendant's motion to withdraw his guilty pleas. The trial court sentenced Defendant to twelve months on each charge, to be served consecutively, for a total of twenty-four months.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED IN DENYING SUMMERS' MOTION TO WITHDRAW HIS GUILTY PLEA."
 {¶ 8} In State v. Liming (January 16, 2004), Greene App. No. 03CA43,2004-Ohio-168, this court stated:
 {¶ 9} "{¶ 31} Motions to withdraw pleas of guilty and no contest are governed by Crim.R. 32.1, which states:
 {¶ 10} "{¶ 32} `A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed, but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.'
 {¶ 11} "{¶ 33} Crim.R. 32.1 motions to withdraw a plea made after a convicted defendant learns of his probable sentence should be weighed under the more stringent `manifest *Page 4 
injustice' standard of Crim.R. 32.1 for post-sentence motions. State v.Davis (Jan. 5, 2001), Montgomery App. No. 18172, Grady, J., concurring. `A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499, at pp. 4-5.
 {¶ 12} "{¶ 34} Whether to grant a motion made pursuant to Crim.R. 32.1 is a matter committed to the trial court's sound discretion. State v.Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. `The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'State v. Adams (1980), 62 Ohio St.3d 151, 157."
 {¶ 13} Defendant moved to withdraw his guilty pleas before sentence was imposed but after he had learned of his probable sentence. Therefore, we apply the more stringent manifest injustice standard to the trial court's denial of Defendant's request to withdraw his guilty pleas and Defendant's contention that the court abused its discretion when it denied his request. Liming.
 {¶ 14} Defendant alleges that at the time he entered his *Page 5 
guilty pleas he was taking methadone for his heroin addiction, which clouded his mind and affected his ability to understand the proceedings and make clear and proper decisions. The record of the plea hearing affirmatively refutes that contention.
 {¶ 15} During the court's colloquy with Defendant, the following took place:
 {¶ 16} "THE COURT: Do you have any type of physical or mental disability that might in any way effect your capacity to understand what you're doing here this morning or to understand what you and I are talking about, or effect your ability to make free and voluntary choices?
 {¶ 17} "A. No, sir.
 {¶ 18} "THE COURT: Have you had any type of alcohol or drugs, prescription or otherwise in the past seven days?
 {¶ 19} "A. No, sir." (T. 8).
 {¶ 20} Defendant's statements during the plea hearing belie his subsequent claim that his ability to understand the proceedings and enter a knowing, voluntary plea was affected by drugs he was taking. In determining whether Defendant's claims were meritorious, the trial court could weigh them against the statements Defendant made when he entered his guilty pleas. The trial court was not bound to credit *Page 6 
Defendant's claims.
 {¶ 21} Defendant further claims that he agreed to plead guilty because he understood that he would receive a ten month sentence. Once again, the record of the plea hearing refutes Defendant's claim.
 {¶ 22} During his colloquy with the court, Defendant acknowledged that he understood that the State's agreed sentencing recommendation of ten months would not bind the court, and that the court did not have to impose the recommended sentence. Defendant further expressed both his understanding that the maximum sentence in this case was twelve months on each count, which could run consecutively, for a total of twenty-four months, and he expressed his desire to proceed with his guilty pleas knowing what the maximum sentence could be. Again, the record belies Defendant's claims.
 {¶ 23} During the hearing on Defendant's motion to withdraw his guilty pleas, Defendant candidly admitted that he is experienced in entering pleas, and that the sole reason he wanted to withdraw his plea is because the trial court likely would impose a more severe sentence than he believed would be imposed when he entered his guilty pleas. That, of course is merely a change of heart, and not a legitimate and reasonable *Page 7 
basis for withdrawing a plea. State v. Lambrose (1988),44 Ohio App.3d 102.
 {¶ 24} Finally, Defendant argues that the trial court failed to give him a full and fair hearing on his motion. State v. Xie. Defendant cites the fact that the court denied his motion without a particularized explanation. An explanation was not required, and the court's action does not constitute a summary proceeding, as Defendant claims. The court heard him out, and Defendant does not argue that he was denied an opportunity to present any matter in support of his motion to withdraw his plea. The court promised him a hearing on his motion and a "disposition," which could have been an order granting the motion. The fact that, instead, Defendant was sentenced after the court denied his motion does not demonstrate that he was denied a full and fair hearing.
 {¶ 25} On the manifest injustice standard of Crim.R. 32.1, we cannot find that the trial court abused its discretion in denying Defendant's motion to withdraw his guilty pleas. Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 26} "APPLYING THE REMEDY IN STATE V. FOSTER DEPRIVED SUMMERS OF HIS DUE PROCESS RIGHTS."
 {¶ 27} Defendant argues that application of the Ohio *Page 8 
Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, to this case operates as an ex post facto law that violates Article I, Section 10 of the United States Constitution, and the Due Process Clause of the Fourteenth Amendment. We have previously considered and rejected this same argument. State v. Smith (August 25, 2006), Montgomery App. No. 21004, 2006-Ohio-4405. In fact, Defendant's appellate counsel presented this very argument in another case:State v. Durbin (September 29, 2006), Greene App. No. 2005CA134,2006-Ohio-5125. In rejecting the argument, we stated that the argument that the mandate of the Ohio Supreme Court in Foster violates the United States Constitution is not cognizable in this court, because as an Ohio court inferior to the Ohio Supreme Court, we are required to follow its mandates, and therefore we lack the power to declare a mandate of the Ohio Supreme Court unconstitutional. Id. at ¶ 42.
 {¶ 28} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1