DECISION
{¶ 1} In these consolidated appeals, defendant-appellant, Anthony C. Peebles, appeals judgments entered by the Franklin County Court of Common Pleas sentencing appellant following his entry of guilty pleas in three separate cases.
 {¶ 2} On August 5, 2005, in case No. 05CR-08-5786, appellant was indicted on one count of possession of cocaine, with specification, and two counts of having a *Page 2 
weapon while under disability. On December 5, 2005, appellant entered a guilty plea to one count of possession of cocaine (without specification) and one count of having a weapon while under disability. The trial court initially sentenced appellant in that case by judgment entry filed January 31, 2006.
 {¶ 3} On August 28, 2006, in case No. 06CR-08-6462, appellant was indicted on two counts of burglary and two counts of failure to comply with an order or signal of a police officer. On September 15, 2006, appellant was indicted in case No. 06CR-09-7001 on one count of burglary.
 {¶ 4} On October 17, 2006, a probation officer filed a request for revocation of probation in case No. 05CR-08-5786. On December 6, 2006, the court held a joint sentencing hearing regarding the request for revocation (case No. 05CR-08-5786), as well as the charges arising out of case Nos. 06CR-08-6462 and 06CR-09-7001. At that hearing, appellant entered a guilty plea to two counts of burglary in case No. 06CR-08-6462, and one count of burglary in case No. 06CR-09-7001.
 {¶ 5} The trial court revoked community control sanctions which had been previously imposed in case No. 05CR-08-5786, and ordered a two-year term of incarceration for possession of cocaine, and a concurrent one-year term for having a weapon while under disability. The court also sentenced appellant in the other cases, imposing concurrent eight-year sentences on the two burglary counts in case No. 06CR-08-6462, and ordering those sentences to be served concurrently with an eight-year sentence on the burglary count in case No. 06CR-09-7001. Finally, the court ordered the sentence in case No. 05CR-08-5786 to be served consecutive to the sentences imposed in the other two cases. *Page 3 
 {¶ 6} Appellant has appealed from the judgments and sentences imposed in all three cases, raising the following single assignment of error for our review:
 THE TRIAL COURT DID NOT HAVE THE STATUTORY AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES AND A SENTENCE GREATER THAN THE MINIMUM SENTENCE AND THE IMPOSITION OF THIS SENTENCE VIOLATED THE DEFENDANT'S SIXTH AMENDMENT AND DUE PROCESS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND THE EQUIVALENT RIGHTS UNDER THE OHIO CONSTITUTION.
 {¶ 7} Under this assignment of error, appellant challenges his sentences on the ground that retroactive application of the severance remedy ordered by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, is violative of his due process rights and the ex post facto provisions under the United States Constitution and the Ohio Constitution. Appellant acknowledges no objection was raised during sentencing, and he therefore argues plain error. Further, appellant recognizes that this court is bound by decisions of the Ohio Supreme Court, but seeks to preserve this argument for purposes of federal review.
 {¶ 8} This court, on numerous occasions, has addressed and rejected the argument raised by appellant. See, e.g., State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ 18 (rejecting claim thatFoster violates due process and ex post facto legislation; "Foster did not judicially increase the range of appellant's sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime"); State v. Alexander, Franklin App. No. 06AP-501,2006-Ohio-6375, at ¶ 7-8 ("We are bound to apply Foster as it was written. * * * [A]t the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences. *Page 4 
As such, Foster does not violate appellant's right to due process and does not operate as an ex post facto law"); State v. Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, at ¶ 9 ("the severance remedy chosen by the Supreme Court of Ohio in Foster does not violate ex post facto or due process principles").
 {¶ 9} Based upon the above authority, appellant's single assignment of error is without merit and is overruled, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.
Judgments affirmed.
 BRYANT and TYACK, JJ., concur. *Page 1