OPINION
{¶ 1} Defendant, Joshua K. Martin, was convicted on his pleas of no contest to four felony offenses involving possession of drugs and criminal tools. On March 4, 2005, the trial court imposed sentences greater than the minimum sentences allowed by law, based on findings the court made *Page 2 
pursuant to R.C. 2929.14(B). Subsequently, in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, those findings requirements were held unconstitutional and were severed from the sentencing statutes by the Supreme Court of Ohio.
 {¶ 2} Defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21, relying on the holdings of the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, which Foster followed and applied. ApplyingFoster, the trial court granted the relief he requested and vacated Defendant's sentence. When it resentenced Defendant, the court imposed the same greater-than-minimum sentence it had previously imposed. Defendant filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 3} "THE GREENE COUNTY COURT OF COMMON PLEAS ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN IT RETROACTIVELY APPLIEDSTATE V. FOSTER DURING APPELLANT'S RESENTENCING HEARING."
 {¶ 4} Defendant argues that the sentence the trial court imposed pursuant to the holding in Foster violates his right to due process of law guaranteed by the United States Constitution and the Constitution of Ohio because it subjects him to a retroactive punishment. That contention more *Page 3 
specifically implicates Article I, Section 10 of the United States Constitution, which provides that no state shall pass any ex post facto law.
 {¶ 5} Defendant contends that by severing the findings requirements of R.C. 2929.14(B) from that section as it did, Foster permits him to be sentenced absent criteria that determined the available sentences when Defendant committed his offenses. Therefore, according to Defendant, the sentence the trial court imposed per Foster, subjects him to the application of a prohibited ex post facto law. Defendant contends that the trial court's application of Foster was therefore improper, and he asks us to reverse the sentence the court imposed.
 {¶ 6} To grant the relief Defendant requests on the error he assigns, we necessarily would have to find that the holding of the Supreme Court of Ohio in Foster results in a prohibited ex post fact law. The appellate jurisdiction of this court is limited to review of "judgments or final orders of courts of record inferior to the court of appeals within the district" and to "final orders or actions of administrative agencies." Article IV, Section 3(B)(2), Ohio Constitution. The Ohio Supreme Court is neither, and therefore we lack jurisdiction to review the holding in Foster on the error Defendant *Page 4 
assigns. State v. Smith (August 25, 2006), Montgomery App. No. 21004,2006-Ohio-4405; State v. Durbin (Sept. 29, 2006), Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶ 42.
 {¶ 7} Even were we authorized to review the error Defendant assigns, we would necessarily find that he is not entitled to relief, for two reasons.
 {¶ 8} First, because Blakely v. Washington had been decided when Defendant's first sentence was imposed, he could have sought review of any Blakely violation by way of a direct appeal. Not having done that, res judicata barred Defendant's
R.C. 2953.21 petition for post-conviction relief alleging those same grounds. State v. Perry (1967), 10 Ohio St.2d 175.
The State failed to appeal from the trial court's error in granting Defendant's petition and vacating his sentence. Nevertheless, we would not perpetuate that error by finding that, as a result, Defendant is entitled to a different sentence.
 {¶ 9} Second, the relief that Foster authorized is limited to Defendants who had filed a notice of appeal and whose appeals were not yet decided. Those cases would be remanded for resentencing.Id., at ¶ 104. Nothing in that relief denies the constitutional rights of defendants, such as Martin, who were previously sentenced pursuant to R.C. *Page 5 2929.14(B), and such a denial is necessary for post-conviction
relief. R.C. 2953.21(A). Further, as we have said, because those defendants had a right of appeal, failure to therein raise aBlakely violation bars a petition for post-conviction relief.Perry.
 {¶ 10} Defendant's sole assignment of error is overruled. The judgment of the trial court will be affirmed.
 FAIN, J. And DONOVAN, J., concur. *Page 1