OPINION
{¶ 1} Michael Dalton appeals the imposition of maximum and consecutive sentences totaling seven years on two fifth degree and one third degree felonies.
 {¶ 2} His first two assignments of error implicate the maximum and consecutive sentences. Sentence was imposed January 27, 2006, one month before the announcement of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. The State concedes that this case must be remanded for resentencing. Id., § 106. The first two assignments are sustained.
 {¶ 3} In his third assignment of error, Dalton argues that, as applied to him, Foster violates the ex post facto clause of the United States Constitution. We have considered and rejected this contention inState v. Smith, Montgomery App. No. 21004; 2006-Ohio-4405. Indeed, we stated in State v. Durban, Greene App. No. 2005 CA 134, 2006-Ohio-5125:
 {¶ 4} "In her reply brief, Durbin does not dispute that State v.Foster, supra, mandates that sentences pending on appeal at the timeFoster was decided, which would include this case, must be reversed, and the cause must be remanded for re-sentencing. Durbin contends that this mandate violates the Ex Post Facto clause of Article I, Section 10 of the United States Constitution, and the Due Process clause of theFourteenth Amendment to the United States Constitution.
 {¶ 5} "We conclude that Durbin's argument that the mandate of the Ohio Supreme Court in Foster violates the United States Constitution is not cognizable in this court. As an Ohio court inferior to the Ohio Supreme Court, we are required to follow its mandates; we lack the jurisdictional power to declare a mandate of the Ohio Supreme Court to be unconstitutional."
 {¶ 6} The third assignment is overruled.
 {¶ 7} The sentences will be vacated and the matter will be remanded to the trial court for resentencing.
BROGAN, J. and DONOVAN, J., concur.