OPINION
{¶ 1} On April 5, 2007, the trial court resentenced Michael Dalton to consecutive sentences of one year, one year, and five years on various drug offenses of which he had been *Page 2 
found guilty by a jury.
 {¶ 2} Counsel was appointed to prosecute an appeal and, on July 23, 2007, appointed appellate counsel filed an Anders brief pursuant toAnders v. California (1967), 386 U.S. 738, wherein appointed appellate counsel represented that she was unable to identify any meritorious arguments to advance on appeal.
 {¶ 3} By order of July 31, 2007, we informed Dalton that his counsel had filed an Anders brief and the significance of an Anders brief. We invited Dalton to file pro se assignments of error within sixty day of July 31, 2007. To date, nothing has been filed with this court.
 {¶ 4} Our remand for resentencing was pursuant to State v.Foster, 109 OhioSt.3d, 1, 2006-Ohio-856, 845 N.E.2d 470. The trial court imposed the identical sentence which it had previously imposed prior to the announcement of Foster.
 {¶ 5} Appointed appellate counsel has advanced a single assignment of error as follows:
 {¶ 6} "Applying the remedy from State v. Foster to Dalton deprives Dalton of his due process rights."
 {¶ 7} Appointed appellate counsel acknowledges that we expressly rejected the due process argument as not cognizable in an Ohio intermediate court of appeals in Dalton's most recent appeal prior to this one. State v. Dalton, Greene App. No. 2006CA17, 2007-Ohio-180.
 {¶ 8} We continue to hold in accordance with that opinion and find no error in the court's resentencing.
 {¶ 9} Furthermore, we have satisfied ourselves from a review of the record pursuant to *Page 3 
our responsibilities under Anders that there are no arguably meritorious issues for appeal, and that this appeal is entirely frivolous. Accordingly, the judgment of resentencing will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1